Davis Iglesias, : 
                      Petitioner : 
            : 
           v. :   No. 24 C.D. 2024
            : 
Pennsylvania Parole Board, : 
                 Respondent :   Submitted: June 3, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

MEMORANDUM OPINION BY
JUDGE WOLF                            FILED:  September 3, 2025

      Davis Iglesias (Iglesias), an unrepresented litigant, petitions for review of the final determination of the Pennsylvania Parole Board (Board) mailed December 12, 2023. The Board affirmed its prior decision recorded July 20, 2023, thereby denying Iglesias's request for administrative relief from that decision. We dismiss the petition for review as moot.

      The Board granted Iglesias parole by action recorded September 8, 2020, and he was released on parole on June 23, 2021, with a controlling maximum sentence date of April 22, 2024. Certified Record (C.R.) at 45-46. The Board declared Iglesias delinquent of his parole and, on March 27, 2022, it issued a warrant for his arrest for parole violation. *Id.* at 58-59. On April 7, 2022, police arrested Iglesias and charged him with felony retail theft and conspiracy in Bucks County. *Id.* at 75. On April 22, 2022, Iglesias posted bail on those charges and was

erroneously released from custody despite the Board's outstanding warrant. *Id.* at 82, 121. On April 28, 2022, the Board issued a new warrant and Iglesias was returned to custody that same day. *Id.* at 60, 82. By action recorded September 13, 2022, the Board detained Iglesias pending the new Bucks County charges and recommitted Iglesias as a technical parole violator to serve 12 months' incarceration. *Id.* at 65. On October 3, 2022, Iglesias was arraigned on new charges in Delaware County for burglary and theft. *Id.* at 69. Bail on the Delaware County charges was set at $100,000, which Iglesias did not post. *Id.* at 130-31.

Iglesias was convicted on the Delaware County charges and sentenced to 23 months' incarceration in county prison. C.R. at 69, 78, 108. He was later convicted on the Bucks County charges and sentenced to probation. *Id.* at 69, 74, 106-07. On March 23, 2023, Iglesias was paroled from his Delaware County sentence and returned to Pennsylvania Department of Corrections custody. *Id.* at 138.

Iglesias waived his right to counsel and the Board held a parole revocation hearing. By action recorded July 20, 2023, the Board recommitted Iglesias as a convicted parole violator to serve 12 months' backtime. C.R. at 141-42. The Board did not award credit for time at liberty on parole. *Id.* The Board recalculated Iglesias's maximum sentence date as July 20, 2025. *Id.*

Iglesias filed a request for administrative relief with the Board, arguing that the Board had failed to give proper credit for time served exclusively on the Board's warrant and had failed to award proper credit for time at liberty on parole. C.R. at 145-54. In a decision mailed December 12, 2023, the Board denied Iglesias's administrative appeal and affirmed its July 20, 2023 decision. *Id.* at 223-25. Iglesias

timely petitioned this Court for review.[1]

Iglesias's maximum sentence date expired July 20, 2025. C.R. at 141. "The expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot" if there is "no relief that can be afforded." *Johnson v. Pa. Parole Bd.*, 300 A.3d 525, 527 (Pa. Cmwlth. 2023). No relief can be afforded when the parolee has already served his maximum sentence and has been released from the Commonwealth's custody and control. *Id.* at 528.

Here, nothing in the record suggests that Iglesias is subject to new criminal charges that could extend his maximum sentence date. To the contrary, it appears Iglesias is no longer under the custody or control of the Commonwealth.[2] We conclude that any judgment entered would be without effect, and the exceptions to the mootness doctrine do not apply. *See Johnson*, 300 A.3d at 527.

For these reasons, we dismiss the petition for review as moot.

_____
MATTHEW S. WOLF, Judge

---

[1] Our review of a Board decision is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the parolee's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[2] *See Inmate Locator*, Pennsylvania Department of Corrections, http://inmatelocator.cor.pa.gov (last visited September 2, 2025).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Davis Iglesias, :
                    Petitioner :
                                        :
          v.                            : No. 24 C.D. 2024
                                        :
Pennsylvania Parole Board, :
                    Respondent :

# **O R D E R**

AND NOW, this 3rd day of September 2025, the petition for review is DISMISSED as moot.

 

_____
MATTHEW S. WOLF, Judge